# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| RAPHAEL C. GANT, )<br>)<br>       Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>       Respondent. ) | No. 4:16-CV-00602-DGK<br>(Crim. No. 11-00288-01-CR-W-DGK) |

## ORDER DENYING MOTION TO CORRECT SENTENCE

Petitioner Raphael C. Gant ("Petitioner") pled guilty to one count of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and the Court sentenced him to 84 months' imprisonment.

Now before the Court are Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) under 28 U.S.C. § 2255, the Government's Motion to Dismiss (Doc. 6), Petitioner's Motion to Dismiss without Prejudice (Doc. 13), and Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Docs. 14 & 17). Because the Supreme Court recently rejected Petitioner's argument in *Beckles v. United States*, 137 S. Ct. 886 (2017), his § 2255 motion and his motion to dismiss without prejudice are DENIED. The Government's motions to Dismiss and Deny Petitioner's motion are GRANTED.

## Background[1]

On April 18, 2012, Petitioner pled guilty, pursuant to a written plea agreement, to one count of being a felon in possession of a firearm. Plea Agrmnt. (Crim. Doc. 18). In this

---

[1] The facts in this section derive from: (1) the criminal case record; and (2) the allegations in Petitioner's motion, taken as true except where they contradict the record. Because the facts in this light do not entitle Petitioner to relief, the Court denies him an evidentiary hearing and rules on the facts in the record. *See Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013) (citing 28 U.S.C. § 2255(b)); Rules Governing Section 2255 Proceedings, Rule 8(a).

agreement, Petitioner waived his right to attack his sentence, directly or collaterally, on any ground except claims of ineffective assistance of counsel, prosecutorial misconduct, or an illegal sentence. *Id.* ¶ 15. The agreement defines an "illegal sentence" as one "imposed in excess of the statutory maximum," and states the term specifically "does *not* include less serious sentencing errors, such as a misapplication of the Sentencing Guidelines, an abuse of discretion, or the imposition of an unreasonable sentence." *Id.* (emphasis in original). Petitioner does not challenge the validity of his plea agreement and this waiver.

On September 5, 2012, the Court sentenced Petitioner to 84 months' imprisonment after carefully considering the relevant factors and reviewing the United States Sentencing Guidelines (the "Guidelines"). In calculating Petitioner's Guidelines range, the Probation and Parole Office found he was eligible for an enhanced base offense level because he had a prior conviction that qualified as a "crime of violence." Specifically, the Presentence Investigation Report ("PSR") found Petitioner's prior Missouri conviction of resisting arrest by fleeing qualified him for an enhancement under Guidelines § 2K2.1(a). *See* PSR ¶¶ 15, 28 (Crim. Doc. 20). This enhancement elevated Petitioner's base offense level to 22, yielding an advisory imprisonment range of 84 to 105 months. The Court sentenced Petitioner to the bottom end of the advisory range, and below the statutory maximum of 10 years. Petitioner did not file a direct appeal.

Petitioner filed the instant motion on June 15, 2016. The Court withheld ruling while awaiting the Supreme Court's opinion in *Beckles*, which was handed down on March 6, 2017.

## Discussion

I. **The Court will not dismiss Gant's § 2255 motion without prejudice, and will consider the merits of his motion.**

The Court first addresses Petitioner's motion to dismiss his § 2255 motion without prejudice so he may file another motion pursuant to § 2255 without that motion being considered

a second or successive petition requiring the permission of the Eighth Circuit to proceed (Doc. 13). The Government opposes this motion, arguing the Court "should not allow a state or federal prisoner to voluntarily dismiss a post-conviction motion to avoid application of an impending or recently issued adverse decision." Gov't Mot. at 3 (Doc. 14). Even if dismissing this motion without prejudice could allow Petitioner to file another § 2255 motion without permission from the Eighth Circuit, *cf. Felder v. McVicar*, 113 F.3d 696, 698 (7th Cir. 1997) ("[A] petitioner for habeas corpus cannot be permitted to thwart the limitations on the filing of second or successive motions by withdrawing his first petition as soon as it becomes evident that the district court is going to dismiss it on the merits."); *Thai v. United States*, 391 F.3d 491, 495 (2d Cir. 2004) ("[I]f a petitioner clearly concedes upon withdrawal of a § 2255 petition that the petition lacks merit, the withdrawal is akin to a dismissal on the merits and subsequent petitions will count as successive . . . ."), the Court will not acquiesce in this sort of gamesmanship. Petitioner's motion to dismiss without prejudice is denied, and the Court will consider the merits of his § 2255 motion.

## II. Gant's enhanced base level sentence did not deprive him of due process of law.

A district court may vacate a sentence if it "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A § 2255 motion "is not a substitute for a direct appeal, and is not the proper way to complain about simple . . . errors." *Anderson v. United States*, 25 F.3d 704, 706 (8th Cir. 1994) (internal citation omitted).

Petitioner argues his prior conviction for resisting arrest by fleeing no longer qualifies as a crime of violence in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015), the Supreme Court decision invalidating the Armed Career Criminal Act's ("ACCA") residual clause, 18

U.S.C. § 924(e)(2)(B)(ii). Petitioner contends that under *Johnson*, the Court's Guidelines calculation violated due process.

This argument is without merit. Petitioner was not sentenced under the ACCA, but instead under a similarly-worded provision in the Guidelines. *See* U.S.S.G. § 4B1.2. The Guidelines are not subject to a void-for-vagueness challenge under the Due Process Clause like the ACCA's residual clause was in *Johnson*. *Beckles*, 137 S. Ct. at 896. Unlike the ACCA, the Guidelines do not fix the permissible statutory range of punishment. *Id.* at 894. They merely guide the exercise of a sentencing court's discretion in choosing an appropriate sentence within the permissible range. *Id.* Here, Petitioner was sentenced to a term of imprisonment that was not in excess of the statutory maximum and, therefore, not an illegal sentence.

Petitioner's claim is denied.

## Conclusion

For these reasons, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence (Doc. 1) and Motion to Dismiss Case Without Prejudice (Doc. 13) are DENIED, the Court will not hold an evidentiary hearing, and the Court declines to issue a certificate of appealability. The Government's Motion to Lift Stay and Deny Pending 28 U.S.C. § 2255 Motion on the Merits (Doc. 14 & 17) and Motion to Dismiss (Doc. 6) are GRANTED.

**IT IS SO ORDERED.**

Date:  August 30, 2017  /s/ Greg Kays
GREG KAYS, CHIEF JUDGE
UNITED STATES DISTRICT COURT